**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

KENNETH DAVID GRUBBS,
　　　　　　*Defendant-Appellant.*

No. 01-4300

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-00-54)

Submitted: September 10, 2001

Decided: October 1, 2001

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Bruce R. Williamson, Jr., WILLIAMSON & TOSCANO, Charlottes-
ville, Virginia, for Appellant. Ruth E. Plagenhoef, United States
Attorney, S. Randall Ramseyer, Assistant United States Attorney,
Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth David Grubbs appeals his sentence imposed following his guilty pleas to two counts of making false statements to obtain a loan, *see* 18 U.S.C.A. § 1014 (West 2000), and one count of using a fraudulent Social Security number, *see* 42 U.S.C.A. § 408(a)(7)(B) (West Supp. 2001). Grubbs received concurrent custodial sentences of one year and one day on each count. For the following reasons, we affirm.

On appeal, Grubbs challenges only the district court's two-level enhancement of his offense level based upon the nature of his fraudulent activity under *United States Sentencing Guidelines Manual* § 2F1.1(b)(2) (2000). Specifically, § 2F1.1(b)(2) calls for a two-level enhancement when "the offense involved (A) more than minimal planning, *or* (B) a scheme to defraud more than one victim." *Id.* (emphasis added). We review this claim for clear error. *See United States v. Aramony*, 166 F.3d 655, 663 (4th Cir. 1999).

We find the district court's application of this enhancement proper. The Sentencing Guidelines commentary notes that "'[m]ore than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." USSG § 1B1.1, comment. (n.1(f)). Here, Grubbs provided a falsified schedule of assets he knew would be used by his partner to support numerous loan applications for their joint venture. Furthermore, Grubbs knew the two banks from which he obtained the loans in question had that schedule as part of their loan documentation. Moreover, as the district court noted, Grubbs supplied the same false information to an accounting firm in order to obtain an accounting statement on its letterhead, and thereby "add a patina of legitimacy" to those falsehoods in future loan applications. (JA 114). In light of Grubbs' repetitive reliance on the falsified schedule and his effort to conceal his fraud, we find the district court's application of the two-level enhancement under § 2F1.1(b)(2) is not clearly erroneous.

Accordingly, we affirm Grubbs' conviction and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*